IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

```
KEVIN HOSEA THOMAS,                    No C-02-2981 VRW
          Petitioner,
                                       ORDER
          v
ARTHUR LAMARQUE,
          Respondent.
_____/
```

On March 16, 2005, the court issued an order denying the petition for writ of habeas corpus herein. Doc # 24. On March 18, 2005, the clerk of the court entered judgment in favor of respondent Arthur Lamarque and against petitioner Kevin Hosea Thomas. Doc # 25. Petitioner did not file a timely request for a certificate of appealability, nor did he file a timely notice of appeal. On September 9, 2005, petitioner filed a motion seeking leave to file an appeal, Doc # 26, to which the state filed a response. Doc # 27. For the reasons stated herein, the court now DENIES the motion.

\\

The declaration of petitioner's attorney Frank Prantil states that he has never received notice of entry of judgment in this electronic filing case. He further states that "the only explanation that I have is that during the months of February and March 2005, record rainfall was recorded in the Sierras where I live and work from my home" and that his telephone line was not functioning at times and the telephone company was "very slow" to repair it. Doc # 24. Petitioner correctly cites Federal Rule of Appellate Procedure 4(a)(6) as the governing rule:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;
>
> (B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and
>
> (C) the court finds that no party would be prejudiced.

In responding to petitioner's motion, the Attorney General's office has brought additional facts to the court's attention: (1) the assigned deputy attorney general received electronic notice of the March 18, 2005 judgment on or about that date and had no difficulty accessing and printing out the judgment, Declaration of Juliet Haley (Doc # 32) at 1; (2) on or about July 18, 2005, she received service of a petition for writ of mandamus petitioner had filed in the Ninth Circuit Court of Appeals seeking an order directing this court to act on petitioner's habeas

2

petition, id at 2; (3) on or about August 20, 2005, she received service of petitioner's motion for leave to amend filed in the Ninth Circuit which contained the statement that this court "may have entered a judgment denying his petition for writ of habeas corpus," id; and (4) on October 14, 2005, she received an order from the Ninth Circuit granting petitioner's motion for leave to amend and denying both his petition and amended petition for writ of mandamus. Id. The Attorney General has filed with the court the documents from the court of appeals docket (No 05-74326). Id, Ex 1, 2, 3. The state acknowledges that it would suffer no "special prejudice" were the court to grant petitioner's motion. Doc # 31 at 2.

Petitioner's amended petition to the Ninth Circuit contains the following paragraph:

> It has come to the attention of Thomas that the district court may have entered a judgment denying his petition for habeas corpus. Thomas, nor his attorney were not served the judgment. Therefore, Thomas moves the court to amend the prayer to include an order to the district court to reserve [sic] counsel the judgment, by serving a hard copy of the judgment, and further giving Thomas the right to file a notice of appeal and motion for a certificate of appealability with the district court within 30 days of service upon counsel of the judgment.

Doc #32-3 at 2.

The time limits prescribed in Rule 4(a) are jurisdictional; district courts have no authority to extend them. <u>Vahan v Shalala</u>, 30 F3d 102 (9th Cir 1994). Even when a movant has met the requirements of Rule 4(a)(6), moreover, the rule's use of the verb "may" authorizes district courts to grant or deny the motion; district courts retain some discretion over the disposition of the matter. See <u>Nunley v City of Los Angeles</u>, 52 F3d 792, 797-98 (9th Cir 1995). The merits of the underlying appeal, however, are

3

"not a permissible consideration" in ruling on a motion under Rule 4(a)(6). <u>Arai v Leff</u>, 316 F3d 1066 (9th Cir 2003).

For purposes of the instant motion, the court accepts as true petitioner's counsel's representation that he did not receive the e-mail notifications of the docketing of the order denying the petition and of the judgment in favor of the respondent. The court rejects, however, for reasons stated below, petitioner's above-quoted assertion that he was "not served the judgment." The court also accepts as true that respondent will not be prejudiced if the motion is granted. Parts B and C of the rule are therefore satisfied. It appears, however, that petitioner failed to satisfy part A of the rule.

The moving party must seek relief under the rule by the earlier of: (1) 180 days after entry of judgment or (2) seven days after the moving party receives notice of the entry. Petitioner's motion was filed within 180 days after entry of judgment, but his filings in the court of appeals make clear that he "received notice" of the entry of judgment well before the expiration of the 180-day period; the more stringent seven-day limitations period therefore applied.

The unmistakable import of petitioner's August 19 filing in the court of appeals is that he had somehow learned of this court's entry of judgment against him, though his papers do not expressly admit this. Lacking any evidence of the precise date upon which petitioner learned of the entry of judgment, the court gives him the benefit of the rather implausible assumption that he learned of the entry of judgment on the same day he filed his motion in the court of appeals – August 19.

**4**

Computing the seven-day period as provided in FRAP Rule 26 (governing the computation of time periods, which excludes weekends and holidays for time periods of less than eleven days), the last day petitioner could have filed his motion under Rule 4(a)(6) was August 30, 2005. Although counsel's papers are dated August 29, 2005, they were not filed with this court until Monday, September 5, 2005, nearly one week after the seven-day period had elapsed. Under the law of this circuit, petitioner's motion is untimely and this court lacks jurisdiction to extend the time period or otherwise consider the motion. <u>Vahan v Shalala</u>, 30 F3d 102, 103.

Although petitioner does not contend in his moving papers that electronic service of the March 2005 order and judgment by this court was invalid, his amended petition before the Ninth Circuit seems to do so, judging from the language already quoted and on the following statement: "Thomas also suggests that the Court consider and enter an appropriate order to the Northern District, to modify its electronic filing system so that counsel may opt out, and receive hard copies of any order entered by that court." Doc #32-3, at 2. The court infers from this statement that petitioner's counsel blames his failure to learn of the entry of judgment against petitioner on this court's electronic filing system.

When petitioner's attorney registered for electronic filing with this court, he did so using a form that contained the following wording:

> BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 and 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

5

General Order 45, which authorized the implementation of electronic filing in this court, moreover contains important cautionary language of which all attorneys practicing before the court are presumed to be aware: "In addition to receiving e-mail notifications of filing activity, the parties are strongly encouraged to check the docket in their case on the electronic filing system at regular intervals. A PACER account will be necessary to check the electronic docket." GO 45, IX.A. General Order 45 also states that service of the court's orders in electronic filing cases will be only by e-mail and that "no paper service will be made by the court." GO 45, IX.D. Petitioner's counsel, furthermore, is the attorney of record in other electronic filing cases before this court.

Knowing that he had electronic filing cases pending in this court, it was incumbent on petitioner's counsel to monitor the dockets regularly using a combination of the following means: (1) checking his registered e-mail account on his own home or office computer; (2) checking his registered e-mail account on any other computer, such as a public library computer; (3) using the PACER system on the internet; (4) calling the office of the clerk of the court. Given that FRAP Rule 4(a)(1) gives a party thirty days from entry of judgment to file a notice of appeal, it does not seem unreasonable to expect an attorney awaiting an order or judgment from the court to check the case docket at least once a month, even if he were experiencing problems with a telephone line. It is particularly surprising that petitioner's counsel prepared and filed papers seeking a writ of mandamus based on this court's presumed inaction without first taking the simple step of checking the

6

1 docket. The consequences of counsel's failure to monitor the
2 court's docket need no further elaboration, and the court has no
3 discretion to relieve his client of them.
4     For the reasons stated herein, petitioner's motion is
5 **DENIED.**

7     **IT IS SO ORDERED.**

                                                                                                                    *[signature]*
                               **VAUGHN R WALKER**
                               **United States District Chief Judge**

*[Left margin: United States District Court, For the Northern District of California]*